Filed 9/30/25  P. v. Giovacchini CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334033 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA092430) |
| v. | |
| JASON GIOVACCHINI, | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Jason Giovacchini—who, in 2017, pleaded no contest to two counts of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2))—contends the trial court erred at his December 2023 section 1172.75 resentencing hearing.

At the hearing, the court struck from Giovacchini's sentence three prison prior enhancements (§ 667.5, subd. (b)) invalidated by the enactment of section 1172.75. (See § 1172.75, subd. (a).) In addition, the court exercised its discretion under section 1385 to strike Giovacchini's five-year prior serious felony conviction enhancement (§ 667, subd. (a)). The court declined, however, to strike the 10-year firearm use enhancement (§ 12022.5) imposed in connection with one of the assault with a firearm counts.

Giovacchini argues the court abused its discretion by failing to strike the firearm enhancement. He urges the court's comments at the resentencing hearing demonstrate it misunderstood the scope of its discretion under section 1385. He further contends we must remand for a new resentencing hearing because the recent decision in *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*)—issued eight months after the resentencing here—provided new guidance concerning how trial courts should exercise their discretion to strike sentence enhancements.

We conclude, however, the record does not support that the court misapprehended the scope of its discretion. And nothing in *Walker* altered the nature of the court's discretion in a way that would benefit Giovacchini. We therefore affirm.

---

[1] Subsequent statutory references are to the Penal Code.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

In 2015, authorities arrested Giovacchini after he allegedly attempted to shoot Richard Paine and Chad Henderson following a verbal argument. Although Henderson reported minor injuries to his neck from stray bullet fragments, both victims survived the incident.

The district attorney filed an information charging Giovacchini with 10 counts, including two counts of attempted murder (§§ 187, subd. (a), 664) (counts 1 and 2), two counts of assault with a firearm (§ 245, subd. (a)(2)) (counts 3 and 4), and one count of possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)) (count 6). The information alleged firearm use enhancements with respect to counts 1 and 2 (§ 12022.53, subd. (b)) and counts 3 and 4 (§ 12022.5, subds. (a), (d)). The information further alleged that Giovacchini previously had been convicted of a serious felony within the meaning of section 667, subdivision (a)(1), and that he had served five prior prison terms within the meaning of section 667.5, subdivision (b).

In October 2017, pursuant to a negotiated plea, Giovacchini pleaded no contest to the two counts of assault with a firearm (counts 3 and 4) and to the section 29900, subdivision (a)(1) firearm possession charge (count 6). In addition, Giovacchini admitted the section 12022.5 firearm use enhancement charged in connection with count 3. Giovacchini further admitted he had suffered a prior conviction in 2012 for assault with a firearm (§ 245, subd. (a)(2)), which brought him within the purview of the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12). Finally, Giovacchini admitted

---

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

3

the section 667, subdivision (a)(1) enhancement and three of the five alleged section 667.5, subdivision (b) enhancements.

The trial court accepted Giovacchini's plea and sentenced him to an aggregate term of 29 years 4 months in prison. The term included: (1) a four-year, high-term sentence on the assault with a firearm charged in count 3, doubled to eight years pursuant to the Three Strikes law, (2) 10 years on the section 12022.5 firearm enhancement, (3) five years on the section 667, subdivision (a)(1) enhancement, and (4) one-year terms on each of the three section 667.5, subdivision (b) prison prior enhancements.

A little over two years later, the Legislature enacted Senate Bill No. 136 (2019–2020 Reg. Sess.), which amended section 667.5, subdivision (b) to eliminate sentence enhancements for prior prison terms, with an exception for certain sexually violent offenses not at issue here. (Stats. 2019, ch. 590, § 1.) Then, via Senate Bill No. 483 (2021–2022 Reg. Sess.), the Legislature enacted section 1172.75 to provide a resentencing procedure that extends the prohibition on prior prison term enhancements to all persons currently incarcerated in jail or prison. (Stats. 2021, ch. 728, § 3.)

Section 1172.75 requires the California Department of Corrections and Rehabilitation (CDCR) to identify for the trial court any defendant eligible for resentencing. (§ 1172.75, subd. (b).) The court then must "recall" the defendant's sentence and "resentence the defendant" (§ 1172.75, subd. (c)), applying "any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences." (*Id.*, subd. (d)(2).) In fashioning the new sentence, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for

4

future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

The CDCR identified Giovacchini as eligible for resentencing, and the court set the matter for hearing. In advance of the hearing, Giovacchini's appointed counsel filed a brief requesting that, in addition to striking Giovacchini's three 1-year section 667.5, subdivision (b) enhancements, the court (1) conduct a full resentencing, (2) impose a three-year middle-term sentence on the assault with a firearm charged in count 3 in lieu of the four-year high term imposed originally, (3) strike Giovacchini's prior strike, (4) strike the five-year enhancement imposed under section 667, subdivision (a), and (5) strike the 10-year section 12022.5 firearm enhancement.

As relevant here, Giovacchini argued that section 1385 afforded the court discretion to strike the enhancements. Section 1385 provides, in pertinent part, that a court "shall dismiss an enhancement if it is in the furtherance of justice to do so" (§ 1385, subd. (c)(1)), and that "the presence of one or more of" certain enumerated "mitigating circumstances" "weighs greatly in favor of dismissing [an] enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).) Giovacchini argued two such mitigating circumstances were present in his case—namely, that (1) "[m]ultiple enhancements [were] alleged in a single case" (*id.*, subd. (c)(2)(B)), and (2) "application of [the] enhancement[s] could result in a sentence of over 20 years" (*id.*, subd. (c)(2)(C)).

Giovacchini further argued that his age (over 40 years old) rendered him less likely to reoffend, and he submitted character letters from his mother and aunt in support of his request for a

5

reduced sentence. He offered no other mitigation evidence, however, such as his postconviction disciplinary or rehabilitation records (see § 1172.75, subd. (d)(3)).

In a written opposition, the prosecution objected to any reductions in Giovacchini's sentence beyond striking the invalidated section 667.5, subdivision (b) enhancements. The prosecution argued any further reductions would be inappropriate because, inter alia, Giovacchini (1) had been convicted of another assault with a firearm only three years prior to the incident giving rise to this case, and (2) "ha[d] provided no insight into how he ha[d] fared in custody" or "proof of . . . positive changes in his life."

At the December 12, 2023 resentencing hearing, the court stated its tentative ruling was to strike each of the one-year section 667.5, subdivision (b) prison prior enhancements and the five-year section 667, subdivision (a)(1) enhancement—a result that would reduce Giovacchini's sentence by eight years. The court explained, in pertinent part:

"The Legislature in California has set forth [section] 1172.75, which requires this court . . . to reevaluate even negotiated settlements in the intent of the Legislature for the court to impose lesser sentences.

"The court's tentative in this matter is as follows: To strike the one-year priors as imposed. Under [section] 1172.75, I believe I'm required to do that. I do believe that the high term of eight years with the strike admission is still appropriate. The 10-year enhancement under [section] 12022.5 . . . should be imposed. And counts 4 and 6, the court would still impose one-third the midterm consecutive as to each of those counts. Again the midterm one-third doubled up pursuant to the strike admission.

"I would exercise my discretion to strike the five-year prior under [section] 667[, subdivision] (a)(1). I do think it's

6

appropriate . . . . Under [section] 1385[, subdivision] (c), the direction of the Legislature is the court should strongly consider dismissing prior conduct allegations such that the sentences are—when they're in excess of 20 years, and that is the case here.

"I also just believe that, in the interest of justice, it is appropriate for the court to strongly consider striking five-year priors when the same prior is used to double the base punishment against the defendant, and that is the case in this matter."

Following the court's announcement of its tentative ruling, Giovacchini's counsel reiterated his request that the court reduce the 10-year term imposed on the section 12022.5 firearm enhancement. The court denied the request, explaining:

"The court recognizes its discretion to impose anything less than the high term. However, as the People correctly point out in their brief, under [section] 1172.75[, subdivision] (d)(2), the court can impose the high term when the high term had been previously imposed, particularly in this case when Mr. Giovacchini had entered into a plea disposition to avoid the greater sentence. [¶] . . . [¶] The court is going to select [the] high term on the allegation under [section] 12022.5[, subdivisions] (a) [and] (d) . . . for [10] years to be served consecutively in state prison."

The court then adopted its tentative ruling as its final decision and resentenced Giovacchini to an aggregate term of 21 years 4 months.

Giovacchini timely appealed.

## DISCUSSION

Giovacchini contends the trial court abused its discretion at the resentencing hearing by declining to strike the 10-year firearm enhancement. In particular, he urges the record demonstrates the court misunderstood the scope of its discretion under section 1385

7

because (1) the court failed to make an express finding that striking the enhancement would endanger public safety, and (2) his resentencing took place before the decision in *Walker*, *supra*, which resolved a disagreement in the appellate court over standards for striking or imposing sentence enhancements.  We are not persuaded.

The first argument fails because—as Giovacchini concedes—"it is typically presumed from a silent record that a trial court properly exercised its informed discretion."  (See, e.g., *People v. Coleman* (2024) 98 Cal.App.5th 709, 725 [a "[d]efendant's citation to a silent record is insufficient to meet his burden to demonstrate an abuse of discretion"].)

Giovacchini nonetheless insists this "presumption cannot apply here" because "[t]his was not a situation where the trial court was silent altogether"; instead, the court "made a point of listing the mitigating circumstances it did consider when striking [the section 667, subdivision (a)(1) enhancement,] yet failed to do so when reimposing the firearm enhancement."  But he cites no authority supporting this proposition.  Moreover, his argument ignores that, although section 1385 requires a court to "state[ ] orally on the record" its reasons for *striking* an enhancement (§ 1385, subd. (a)), " '[t]he trial court is not required to state reasons for *declining* to exercise its discretion under section 1385' [citations]."  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637, italics added.)  Rather, the court " 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' "  (*Ibid.*)  The court's decision to explain only its reasons for striking the section 667, subdivision (a) enhancement thus is entirely consistent with section 1385's requirements.

The second argument fails because *Walker* did not alter the scope of the trial court's discretion in a way that would benefit

Giovacchini.  *Walker* held only that, in determining whether to dismiss an enhancement, a trial court must engage in a " 'holistic balancing,' " with no formal presumption for dismissing enhancements.  (*Walker*, *supra*, 16 Cal.5th at p. 1029.)  And as set forth, *ante*, nothing in the record suggests the trial court failed to balance all appropriate factors or applied any formal presumption for dismissing enhancements.  Indeed, if the court had applied a formal presumption in favor of dismissing enhancements, that would have favored Giovacchini, not disadvantaged him.

We therefore conclude Giovacchini has failed to demonstrate the trial court abused its discretion by reimposing the 10-year term on the section 12022.5 firearm enhancement.  Accordingly, we affirm.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.